**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS ELGAS,<br><br>               Plaintiff,<br><br>vs.<br><br>RICHARD STRAUB,<br><br>               Defendant. | Case No. 2:15-cv-00433-GMN-CWH<br><br>**REPORT & RECOMMENDATION** |

On March 16, 2015, the Court entered an order denying Plaintiff's Motion/Application to Proceed *In Forma Pauperis* without prejudice. *See* Order (#2). The motion was denied with instruction that the Plaintiff file a new, complete application to proceed *in forma pauperis* or pay the filing fee by April 15, 2015, approximately thirty days after the order was entered. Plaintiff was expressly warned that the failure to comply with the Court's order would result in a recommendation that the case be dismissed. Approximately ninety (90) have passed since Plaintiff's complete application or filing fee was due, but Plaintiff has not complied with the Court's order.

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. The rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings. Rule 16 is a central pretrial rule that authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal."). Rule 16(f)

specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order." Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) include dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted). "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

**1. Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, the Plaintiff failed to comply with the Court's order to file a complete application to proceed *in forma pauperis*. The Court has been patient, waiting approximately ninety (90) days beyond the deadline for filing to permit Plaintiff every opportunity to comply with the Court's order. The failure to do so is inconsistent with the Federal Rules directive to "secure a just, speedy, and inexpensive" determination.

**2. Court's Need to Manage Its Docket**

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). Plaintiff has been given every opportunity to proceed in this matter but has failed to do so. The failure to comply with the Court's order has made it impossible for this case to move forward and for the Court to effectively manage its docket.

**3. Risk of Prejudice to the Defendant**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Thoeren*, 913 F.2d at 1413. The failure to move this case forward by complying with the Court's order is prejudicial to the potential defendant in this action.

**4. Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id*. Because a plaintiff is responsible moving a case forward, his or her conduct in causing delay and thwarting progress supports dismissal.

**5. Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case as Plaintiff has failed to

comply with the Court's order. The Court has provided Plaintiff with every opportunity to avoid dismissal, including waiting an additional ninety (90) days for Plaintiff to file a new, completed application or pay the filing fee. Plaintiff was specifically warned that the failure to comply with the Court's order (#2) would result in a recommendation that the case be dismissed. At this point, the undersigned can only surmise that Plaintiff has abandoned his claims and has no intention of moving forward.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that this case be **dismissed without prejudice**.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: August 5, 2015.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge